UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  5:26-cv-00814-MWC-DTB                                            Date: February 25, 2026

Title:     Nisha Kumari v. Todd Lyons *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

|  T. Jackson | Not Reported |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| --- | --- |
| N/A | N/A |

**Proceedings: (IN CHAMBERS) Order GRANTING Petitioner's *Ex Parte* Application for Temporary Restraining Order (Dkt. [2])**

  Before the Court is Petitioner Nisha Kumari's ("Petitioner") *ex parte* application ("Application") seeking a temporary restraining order ("TRO") mandating Respondents Todd Lyons, Sergio Albarran, Kristi Noem, the U.S. Department of Homeland Security ("DHS"), the Warden of the Adelanto Detention Facility, and Pamela Bondi (collectively, "Respondents")[1] to release Petitioner from custody, enjoining Respondents from re-detaining Petitioner absent a hearing before a neutral adjudicator, enjoining Respondents from imposing any additional restrictions on Petitioner following her release, and enjoining Respondents from transferring her outside of the Central District of California pending resolution of her case.  *See generally* Dkt. # 2-1 ("*App.*").  On the same day that Petitioner filed the Application, she filed a Petition for Writ of Habeas Corpus ("Petition").  *See* Dkt. # 1 ("*Pet.*").  Respondents did not file a formal opposition but instead submitted a "Response" averring that Petitioner is entitled to only a bond hearing rather than immediate release from detention.  *See* Dkt. # 8 ("*Response*").

  The Court issued a standing order on February 20, 2026, enjoining Petitioner's removal from the District pending further orders from the Court and setting a briefing schedule on Petitioner's Application.  *See* Dkt. # 5.

---

[1] The Application lists Todd Lyons as the Acting Director of Immigration and Customs Enforcement ("ICE"), Sergio Albarran as the Field Office Director of Enforcement and Removal Operations for the San Francisco Field Office of ICE, Kristi Noem as the Secretary of DHS, and Pamela Bondi as the Attorney General of the United States.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  5:26-cv-00814-MWC-DTB                               Date: February 25, 2026

Title:  Nisha Kumari v. Todd Lyons *et al.*

For the reasons set forth below, the Court **GRANTS** the Application.

I.  Background

Petitioner is a native and citizen of India who entered the United States on November 22, 2022, without inspection.  *See App.* 2.  Immigration authorities released Petitioner on her own recognizance shortly after Petitioner's entry, and Petitioner subsequently filed an I-589 Application seeking asylum.  *See id.*  Since her release, Petitioner has fully abided by the terms of her release order, including attending regularly scheduled check-ins with ICE.  *See id.*  On December 10, 2025, ICE re-detained Petitioner without an arrest warrant or any pre-deprivation process.  *See id.*  Petitioner's next individual immigration hearing is March 11, 2026.  *See id.*

II.  Legal Standard

A.  *Ex Parte* Applications

"Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)).  "Consistent with [the Supreme Court's] overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte TRO."  *Id.* (discussing parties' failure to provide notice under Fed. R. Civ. P. 65(b)).

In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified.  *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995).  A party filing an *ex parte* application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  *Id.* at 492.  "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have."  *Id.* at 493 (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  5:26-cv-00814-MWC-DTB                                                    Date: February 25, 2026

Title:        Nisha Kumari v. Todd Lyons *et al.*

      B.      Temporary Restraining Orders

     Federal Rule of Civil Procedure ("Rule") 65 grants district courts the power to issue injunctions and restraining orders. Issuance of a TRO, as a form of preliminary injunctive relief, is an extraordinary remedy, and the applicant for such a remedy bears the burden of proving its propriety. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In general, the showing required for a TRO and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The applicant for a TRO must show that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm absent the injunction; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). "In the Ninth Circuit, a plaintiff may also prove a TRO is warranted by raising 'serious questions going to the merits.'" *NML Cap., Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111, 1125 (C.D. Cal. 2011) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)). Where the non-movant is a government entity, "the third and fourth [*Winter*] factors . . . merge." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc).

III.    Discussion

      A.      *Ex Parte* Application and *Mission Power* Factors

     Petitioner has satisfied the *Mission Power* factors. Petitioner has been in custody since December 10, 2025, without receiving even a bond hearing to contest her detention. If the Court heard the Application according to regularly noticed motion procedures, that would leave Petitioner detained without access to any due process for at least an additional 28 days. Though Petitioner could have sought the TRO sooner, the fact that she provided ICE time to give her some additional due process cannot cut against her. However, after months in continued detention without the requisite process, *ex parte* relief is warranted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 5:26-cv-00814-MWC-DTBDate: February 25, 2026

Title: Nisha Kumari v. Todd Lyons *et al.*

B. <u>Request for Release from Detention</u>

    *i.* *Likelihood of Success on the Merits*

Petitioner has demonstrated a likelihood of success on the merits of her request for release from detention. She argues that immigration authorities deprived her of the procedural protections that the Due Process Clause of the Constitution requires. *See App.* 4. "Given that due process interests are at stake, we look to the test outlined in" *Mathews v. Eldridge*, 242 U.S. 319 (1976). *See Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1160 (9th Cir. 2004). There, the Supreme Court discussed the need to consider:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335.

Regarding the first factor, Petitioner has a reliance interest on the "implied promise" that immigration authorities would not revoke her liberty, and that reliance was justifiable given her compliance with all conditions applicable to her release. *Cf. Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025). Petitioner's detention also impedes her ability to maintain gainful employment. Accordingly, Petitioner's private interest in remaining free from detention is significant.

As to the second *Mathews* factor, Petitioner notes that she received no pre-deprivation process of any kind. *See App.* 3–5. "The absence of pre-deprivation procedures creates a high risk of erroneous liberty deprivation." *Gomez Romero v. Wamsley*, No. C25-2207-JHC-MLP, 2025 WL 3628633, at *1 (W.D. Wash. Dec. 8, 2025). For that reason, the second *Mathews* factor counsels in favor of Petitioner's release.

Still, the Court must consider the government's interests. Though the Court acknowledges that the government has an interest in the steady enforcement of its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-00814-MWC-DTB            Date: February 25, 2026

Title:      Nisha Kumari v. Todd Lyons *et al.*

immigration laws, the government's interest in detaining Petitioner without any procedural protections is slight. *See Pineda v. Chestnut*, No. 1:25-cv-01970-DC-JDP (HC), 2026 WL 25510, at *6 (E.D. Cal. Jan. 5, 2026) (citing *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)). Moreover, custody hearings for immigration detention are routine and impose a "minimal" cost on the government. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Thus, the third *Mathews* factor counsels in favor of granting Petitioner's release from detention.

Respondents contest Petitioner's request for release from detention by arguing that she should instead receive a bond hearing under 8 U.S.C. § 1226(a). *See Response* 2. They state that "Petitioner appears to be a member of the Bond Eligible Class certified in *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM" and admit that Petitioner is entitled to a bond hearing. *See id.* What Respondents fail to address, however, is that a bond hearing constitutes post-deprivation relief, which has no bearing on whether Respondents provided the requisite pre-deprivation relief. *See Lucena-Ojeda v. Noem*, No. 2:26-cv-00085-BAT, 2026 WL 279353, at *2 (W.D. Wash. Feb. 3, 2026) ("The Court also finds while Petitioner may request a bond hearing, a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty." (citing *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1323–24 (W.D. Wash. 2025))). Accordingly, Petitioner's entitlement to a post-deprivation bond hearing does not displace her entitlement to pre-deprivation procedural protections.

For these reasons, Petitioner has shown a likelihood of success on the merits of her request for immediate release from detention.

         *ii.*      Irreparable Harm

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). "Moreover, the Ninth Circuit has recognized 'the irreparable harms imposed on anyone subject to immigration detention,' including 'subpar medical and psychiatric care in ICE detention facilities.'" *Delkash v. Noem*, No. 5:25-cv-01675-HDV-AGR, 2025 WL 2683988, at *6 (C.D. Cal. Aug. 28, 2025) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017)). Since denying Petitioner's Application would continue to deprive her of liberty without due process and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00814-MWC-DTB                                    Date: February 25, 2026

Title:       Nisha Kumari v. Todd Lyons *et al.*

subject her to the subpar conditions of ICE detention, this factor weighs in favor of granting Petitioner's release from detention.

        *iii.*      *Balance of Equities and Public Interest*

As detailed above, the last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). As to Respondents' interests, there is a compelling interest in the enforcement of the nation's immigration laws. *See Medina v. U.S. Dep't of Homeland Sec.*, 313 F. Supp. 3d 1237, 1252 (W.D. Wash. 2018). Still, the balance of equities and the public interest factors tip in favor of Petitioner because she is challenging Respondents' violation of federal law. *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("[I]t is clear that it would not be equitable or in the public's interest to allow the [government] . . . to violate the requirements of federal law." (citations omitted)); *Esmail v. Noem*, No. 2:25-cv-08325-WLH-RAO, 2025 WL 3030590, at *9 (C.D. Cal. Sept. 12, 2025); *Luu v. Bowen*, No. 5:25-CV-03145-MEMF-SP, 2025 WL 3552298, at *10 (C.D. Cal. Dec. 11, 2025) ("'Public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution.'" (quoting *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005))); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013) (noting that the government "cannot suffer harm from an injunction that merely ends an unlawful practice").

Accordingly, and considering the other factors that the Court has already examined, Petitioner is entitled to immediate release from detention.

IV.     <u>Bond Requirement</u>

Rule 65 notes that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) (emphasis in original)). "In particular, the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-00814-MWC-DTB                                              Date: February 25, 2026

Title:   Nisha Kumari v. Todd Lyons *et al.*

(cleaned up). "That is, the mandatory language of Rule 65(c) does not 'absolve[] the party affected by the injunction from its obligation of presenting evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond.'"  *Vaskanyan v. Janecka*, No. 5:25-cv-01475-MRA-AS, 2025 WL 2014208, at *8 (C.D. Cal. June 25, 2025) (quoting *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003)).

Since the Court is ordering Respondents to follow the governing law, bond is unnecessary.  *See Swan v. Tanjuakio*, No. 21-00052 JMS-KJM, 2021 WL 1794756, at *8 (D. Haw. May 5, 2021) ("The court is simply requiring [defendant] to follow the law.  No bond is required." (footnote omitted)); *Hassanzadeh v. Warden*, No. ED CV 25-2113-DMG (MAAx), 2025 WL 3306272, at *6 (C.D. Cal. Nov. 25, 2025) (ruling that bond was unnecessary where the court ordered respondents to release immigration detainee from custody and follow the governing law).

V.    Conclusion

For the foregoing reasons, the Court **GRANTS** the Application and **ORDERS** as follows:

1. Respondents must release Petitioner immediately under the same conditions Petitioner was subject to prior to her December 10, 2025, detention.
2. Respondents are enjoined from re-detaining Petitioner without providing notice and a pre-deprivation hearing.
3. Respondents are enjoined from transferring Petitioner outside of the Central District of California pending final resolution of her case.

The Court **ORDERS** Respondents to show cause in writing no later than 7 days after this Order as to why a preliminary injunction should not issue.  Petitioner may file a response no later than 7 days after Respondents' filing.

**IT IS SO ORDERED.**

                                                                                              :

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  5:26-cv-00814-MWC-DTB               Date: February 25, 2026

Title:   Nisha Kumari v. Todd Lyons *et al.*

                                                                TJ
                                                    **Initials of Preparer**